UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

HENRY H. BRECHER, individually and
on behalf of all others similarly situated,

               Plaintiffs,

    – against –

THE REPUBLIC OF ARGENTINA,

               Defendant.

------------------------------------------x

MARCELLO BARBONI, individually and
on behalf of all others similarly situated,

               Plaintiffs,

    – against –

THE REPUBLIC OF ARGENTINA,

               Defendant.

------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/27/09

06 Civ. 15297 (TPG)

**OPINION**

06 Civ. 5157 (TPG)

      Plaintiffs in these actions hold beneficial interests in bonds issued by the Republic of Argentina. In December 2001, the Republic defaulted on its external debts, including the bonds held by plaintiffs. Plaintiffs bring these actions on behalf of classes of bondholders, and now move for orders certifying these actions as class actions. The Republic opposes both motions on the grounds that the numerosity, predominance, and superiority requirements for class actions have not been satisfied. The

Republic also opposes the motion in the <u>Brecher</u> case (No. 06 Civ. 15297) on the ground that the adequacy requirement has not been satisfied.

The motions in both cases are granted.

<u>Background</u>

In case 06 Civ.15297, plaintiff Henry Brecher seeks to define the class as holders of a certain Republic-issued bond known as a European Medium Term Note bond ("EMTN"). The bond is identified with the International Securities Identification Number ("ISIN") of XS0113833510, is denominated in Euros, has a coupon rate of 9.25%, and bears a maturity date of July 20, 2004. The class would include all persons who continuously own beneficial interests in the bond from the date of class certification until the date of final judgment, and would exclude the Republic and its affiliates.

In case 06 Civ. 5157, plaintiff Marcello Barboni seeks to define the class as holders of another EMTN with the ISIN of XS0076397248. The bond has a coupon rate of 1.6% over the LIBOR, and bears a maturity date of May 2004. The class would include all persons who continuously own beneficial interests in the bond from the date of class certification until the date of final judgment, and would exclude the Republic and its affiliates.

The EMTNs are governed by a Trust Deed, which designates a Trustee as the entity with various powers to act on behalf of bondholders, including the power to sue the Republic in the event of a

default.  The Trust Deed also specifies that English law governs the
EMTNs.

Some of the members of the potential classes have pursued
different methods to recover the amounts owed to them on the bonds.
With respect to the bonds at issue in the <u>Brecher</u> case, the holders of
59% of the outstanding principal participated in a 2005 exchange offer in
which the Republic issued new, discounted bonds to the EMTN
bondholders in exchange for the defaulted bonds.  The entity holding
another 2.5% of the principal amount filed a separate action in this court
against the Republic.  Finally, 16,270 individuals have asserted claims in
a private arbitration, and have accordingly filed notices indicating that
they would opt out of this class.  In subsequent filings, however, 1321 of
these individuals were listed on "errata" indicating that they should not
have been included on the list of bondholders opting out of the class.

With respect to the bonds at issue in the <u>Barboni</u> case, the holders
of 62% of the outstanding principal participated in the 2005 exchange
offer.  The entity holding another 6% of the principal amount filed a
separate action in this court against the Republic.  Finally, at least 3000
individuals have asserted claims in a private arbitration, and have
accordingly filed notices indicating that they would opt out of this class.
In subsequent filings, however, at least 150 of these individuals were
listed on "errata" indicating that they should not have been included on
the list of bondholders opting out of the class.

## Requirements for Class Certification

In order to certify a class action, the court must find, by a preponderance of the evidence, that the case meets the requirements set forth by Rule 23 of the Federal Rules of Civil Procedure.  Teamsters Local 445 Freight Div. Pension Fund v. Bombardiers, Inc., 546 F.3d 196, 202 (2d Cir. 2008).  First, the court must find that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class, (3) the claims of the class representative are typical of the claims of the class; and (4) the class representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).  Second, in a class action brought under Rule 23(b)(3) (e.g., because the class members primarily seek damages), the court must find that (1) the common questions of law or fact predominate over questions affecting only individual class members, and (2) a class action is superior to other available methods for adjudicating the controversy.  Fed. R. Civ. P. 23(b)(3).

There is no question that the requirements of commonality and typicality are met here.  The Republic's default affected all members of the potential classes in a similar fashion, and plaintiffs' claims are typical of those of the other bondholders.  The Republic does not dispute this, but does argue that the remaining requirements for class certification are not satisfied.

- 4 -

First, the Republic argues that plaintiffs have not shown that the classes are so numerous that joinder of all members is impracticable. To satisfy the numerosity requirement, it is sufficient to show that the difficulty or inconvenience of joining all members of the class makes a class action appropriate. Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 504 F.3d 229, 245 (2d Cir. 2007). Courts have not required evidence of exact class size or identity of class members to satisfy the numerosity requirement. Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993). However, the Second Circuit has held that numerosity is presumed at 40 class members. Consol. Rail Corp. v. Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995). In assessing whether joinder is impracticable, relevant factors include judicial economy, the geographic dispersion of class members, and the ability of claimants to institute individual suits. Robidoux, 987 F.2d at 936.

With respect to both cases, the Republic contends that the "vast majority" of potential class members have indicated that they would not participate in a class action as a result of participating in an exchange offer in 2005, instituting an individual action in this court, or opting out of the proposed class. However, numerosity is determined by the number of class members, not by the percentage of the class that will opt out. Here, the errata to the opt-out statements indicate that well over 1000 individuals in the Brecher case and at least 150 individuals in the Barboni case own the bonds at issue and are not pursuing their claims

- 5 -

through other avenues.  Thus, even the numbers who changed their minds about opting out would amount to sufficient numbers for class action treatment, and there are more who cannot be identified in so simple a fashion.  The classes proposed in both actions therefore meet the standard of numerosity, especially given the impracticability of managing individual actions by all of the EMTN bondholders, many of whom live abroad.

Second, with respect to the <u>Brecher</u> case, the Republic argues that Brecher is not an adequate class representative.  To satisfy this requirement, the proposed class representative must have an interest in vigorously pursuing the claims of the class, must not have interests at odds with those of other class members, and must be represented by qualified attorneys.  <u>Denney v. Deutsche Bank A.G.</u>, 433 F.3d 253, 268 (2d Cir. 2006); <u>Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 222 F.3d 52, 60 (2d Cir. 2000).  However, a class representative may be considered inadequate if he would have so little knowledge of and involvement in the class action that he would be unable to protect the interests of the absent class members against the possibly competing interests of the attorneys, such as a greater concern for receiving a fee than for pursuing the class claims.  <u>Maywalt v. Parker & Parsley Petrol. Co.</u>, 67 F.3d 1072, 1077-78 (2d Cir. 1995).

The Republic does not dispute that Brecher's interests are aligned with those of other class members, or that Brecher's counsel is qualified

- 6 -

to prosecute a class action.  Instead, the Republic argues that Brecher is not familiar enough with the litigation to protect the interests of the class against the possibly conflicting interests of his attorneys.  In support of this argument, the Republic cites certain statements by Brecher during his deposition to argue that he did not know (1) the basis of certain allegations in the complaint, (2) that thousands of bondholders had opted out of the proposed class, or (3) how the claims of his class would be prioritized with respect to the claims of other classes represented by the same counsel.  Contrary to the Republic's characterization, however, Brecher's deposition testimony indicates that he is quite familiar with the facts at issue in this litigation.  The testimony also shows that he is committed to ensuring that he and the class recover the amounts owed to them by the Republic, even to the exclusion of recovery by other Argentine bondholders.  Although Brecher is clearly not an expert on legal issues, such expertise is not required of a class representative.  The adequacy requirement of Rule 23 is therefore satisfied in this case.

The Republic does not challenge that the plaintiff in the <u>Barboni</u> case is an adequate class representative.  Since Barboni's interests are aligned with those of the class, he is familiar with the relevant facts in this litigation, and his counsel appears to be experienced in class action litigation, the adequacy requirement is satisfied in the <u>Barboni</u> case as well.

Third, the Republic argues that the common questions of liability in this case do not predominate over the individual questions of the amount of damages to which each class member would be entitled.  To meet this requirement, the issues subject to generalized proof must outweigh the issues that are subject to individualized proof.  <u>In re Salomon Analyst Metromedia Litig.</u>, 544 F.3d 474, 480 (2d Cir. 2008).

There is no dispute that, in each case, the question of liability is common to all class members.  If plaintiffs are able to recover funds from the Republic, it will ultimately be necessary to institute a procedure for determining the amount to which each class member is entitled.  But this is standard in a class action and does not defeat class action treatment.  <u>See</u> <u>In re</u> <u>Visa Check/MasterMoney Litig.</u>, 280 F.3d 124, 138-42 (2d Cir. 2001); <u>Robinson v. Metro-North</u>, 267 F.3d 147, 164-67 (2d Cir. 2001).

Fourth, the Republic argues that a class action is not the superior mechanism for adjudicating these disputes.  The Republic contends that since the Trust Deed governing the EMTNs requires disputes with the Republic to be brought by the Trustee, an action by the Trustee is superior to a class action.

Plaintiffs have provided sufficient evidence to show that a class action is superior to other available methods of adjudicating this controversy.  First, it appears from the current record that action by the Trustee is not an "available" method of adjudicating this controversy, as

the Trustee has thus far refused to pursue claims against the Republic.
Second, Brecher has produced a declaration from an expert in English
law that supports the argument that English law does not preclude
bondholder litigation under these circumstances.  Third, contrary to the
Republic's contention, participation by bondholders in a class action
does not preclude them from participating in any future exchange offers
that the Republic might make.

Conclusion

Plaintiffs in both cases have satisfied the requirements necessary
to certify class actions.  Plaintiffs' motions are therefore granted, and
proposed class certification orders should be submitted to the court.

SO ORDERED.

Dated:  New York, New York
          March 27, 2009

                                        Thomas P. Griesa
                                        U.S.D.J.