UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
H.W. URBAN GmbH, Individually And
On Behalf of All Others Similarly         :    02 Civ. 5699 (TPG)
Situated,
                                          :    **OPINION**
            Plaintiffs,
                                          :
      - against -
                                          :
REPUBLIC OF ARGENTINA,
                                          :
            Defendant.
------------------------------x
MARCELLO BARBONI, Individually And
On Behalf of All Others Similarly         :    06 Civ. 5157 (TPG)
Situated,
                                          :
            Plaintiffs,
                                          :
      - against -
                                          :
REPUBLIC OF ARGENTINA,
                                          :
            Defendant.
------------------------------x
SILVIA SEIJAS, HEATHER M. MUNTON          :
and THOMAS L. PICO ESTRADA,
                                          :    04 Civ. 400 (TPG)
            Plaintiffs,
                                          :
      - against -
                                          :
THE REPUBLIC OF ARGENTINA,
                                          :
            Defendant.
------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/26/10

```
------------------------------x
SILVIA SEIJAS, EMILIO ROMANO,         :
RUBEN WEISZMAN, ANIBAL CAMPO and
MARIA COPATI,                         :    04 Civ. 401 (TPG)

                Plaintiffs,           :

        - against -                   :

THE REPUBLIC OF ARGENTINA,            :

                Defendant.            :
------------------------------x
CESAR RAUL CASTRO,                    :
                Plaintiff,            :    04 Civ. 506 (TPG)

        - against -                   :

THE REPUBLIC OF ARGENTINA,            :

                Defendant.            :
------------------------------x
HICKORY SECURITIES LTD.,              :

                Plaintiff,            :    04 Civ. 936 (TPG)

        - against -                   :

THE REPUBLIC OF ARGENTINA,            :

                Defendant.            :
------------------------------x
ELIZABETH ANDREA AZZA, CLAUDIA        :
FLORENCIA VALLS and HICKORY
SECURITIES, LTD.,                     :    04 Civ. 937 (TPG)

                Plaintiffs,           :

        - against -                   :

THE REPUBLIC OF ARGENTINA,            :

                Defendant.            :
------------------------------x
```

```
------------------------------x
 ELIZABETH ANDREA AZZA, RODOLFO   :
VOGELBAUM and HICKORY
SECURITIES, LTD.,                 :    04 Civ. 1085 (TPG)

                Plaintiffs,       :

          - against -             :

THE REPUBLIC OF ARGENTINA,        :

                Defendant.        :
------------------------------x
EDUARDO PURICELLI,                :

                Plaintiff,        :    04 Civ. 2117 (TPG)

          - against -             :

THE REPUBLIC OF ARGENTINA,        :

                Defendant.        :
------------------------------x
RUBEN DANIEL CHORNY,              :

                Plaintiff,        :    04 Civ. 2118 (TPG)

          - against -             :

THE REPUBLIC OF ARGENTINA,        :

                Defendant.        :
------------------------------x
```

These 10 class actions are some of the lawsuits filed to recover on defaulted Argentine bonds. The motions made in the captioned cases arise from an exchange offer which will shortly be made by the Republic to owners of bonds still outstanding.

-4-

The 10 actions are class actions. Plaintiffs Urban and Barboni have filed a joint motion for an order under Fed. R. Civ. P. 23 or a preliminary injunction under Rule 65, seeking to enjoin the Republic from making this exchange offer directly to members of their respective classes, rather than going through counsel. Plaintiff Seijas seeks to restrain the Republic from consummating an exchange offer to members of the class in that action until discovery has been held and there has been a hearing before the court as to the fairness of the exchange offer. Seijas also seeks some relief to prevent any interference with an account of Caja de Valores, which is now subject to an appeal.

A hearing was held on April 15, 2010. At the conclusion of that hearing, the court reserved decision on the motions. However, the court indicated that it might monitor the exchange offer to some extent as to its effect on class members in the class actions before it. After being advised that the precise terms of the exchange offer had not been made public, the court requested to be provided with such terms.

On April 19 the Republic filed a Form 18-K/A with the SEC, setting forth, among other things, the terms of the exchange offer. This offer is to be effectuated in the near future.

Counsel for plaintiff Urban has now written the court reiterating the argument that, with respect to the class in that case, an exchange offer should be processed under Rule 23. Moreover, counsel objects to the

Republic's exchange offer being made without any willingness to participate in settlement negotiations with respect to the class actions.

Counsel for plaintiff Barboni has written the court requesting a prompt ruling on the motion in that action, and reiterating the request for injunctive relief requiring the use of the Rule 23 settlement procedure.

The moving parties surely are entitled to rulings on their motions. The court now rules that the motions should be denied.

In class actions filed under Rule 23, it happens as a regular matter that settlements are entered into subject to approval of the court on the issue of fairness to class members. But those settlements result from negotiations freely and voluntarily entered into among the parties.

The moving plaintiffs now before the court argue that there cannot be an exchange offer by the Republic directed to class members without a fairness hearing because the exchange offer would operate in the class actions as a settlement of those actions. There is some logic to this argument. However, the exchange offer is in fact different from a class action settlement under Rule 23. The exchange offer is addressed to existing bondholders, whether or not they are participants in litigation. All recipients of the exchange offer are treated the same, and that is the way it should be. The proposal in the motions before the court is that the court should hold up the exchange offer, and perhaps ultimately disapprove the exchange offer, with respect to the limited number of bondholders in the class actions. But this would involve the

court in actions which could mean that the class members are deprived of whatever opportunity the exchange offer affords with no assurances that a so-called "improved" offer would ever be made.

The motions before the court in the 10 captioned cases are denied.

SO ORDERED.

Dated:   New York, New York
         April 26, 2010

*[signature: Thomas P. Griesa]*

THOMAS P. GRIESA
U.S.D.J.